CLERK'S OFFICE U.S. ... COURT
AT ROANOKE
FILED
MAY 31 2006
JOHN F CORCORAN, CLERK
BY /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SANTOS VALIENTERBANALES, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:06CV00327 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DAVID ROBINSON, et al., | ) | By Hon. Glen E. Conrad |
|     Defendant. | ) | United States District Judge |

The plaintiff, Santos Valienterbanales, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff's due process claim must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1),[1] and that his equal protection claim must be dismissed without prejudice for failure to exhaust administrative remedies.

## Background

The plaintiff is presently incarcerated at Wallens Ridge State Prison. In July of 2004, he suffered serious injuries after falling from the top of his bunk bed. The injuries left him unable to perform his job as a prison "house worker." The plaintiff alleges that a correctional officer told him that he would be reinstated to the position once he was cleared by the medical department. However, the plaintiff is still unemployed.

After the plaintiff was unsuccessful in his attempts to be reinstated to his former position, the plaintiff decided to initiate the prison's grievance process.[2] The plaintiff filed an informal complaint on January 5, 2006, in which he asked to be returned to his former position or given a

---

[1] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

[2] The plaintiff submitted copies of the referenced grievance forms and responses with his complaint.

new job. In response to the complaint, a correctional officer advised the plaintiff that if he was not fired from his old job, a job would be found for him. Two months later, the plaintiff filed a formal grievance. The plaintiff emphasized that he had still not been reinstated to his old job, and that he wanted his old job back. In response, the Warden advised the plaintiff that all job openings are posted in the pod in which the job is available, and that the job supervisor fills the position from the applicant pool. The plaintiff was encouraged to continue applying for jobs that come available in his housing unit. The Warden's response was upheld on appeal by the Regional Director on April 13, 2006. The Regional Director also encouraged the plaintiff to continue applying for jobs. The Regional Director noted that, pursuant to IOP 833, inmates who are physically and emotionally capable of working are given an equal opportunity to apply for jobs, and that job assignments are awarded on the basis of an individual inmate's documented behavior, medical status, skills, vocational objectives, custody status, and treatment goals, in addition to institutional needs.

The plaintiff filed the instant complaint on May 25, 2006. The plaintiff alleges that he has not been selected for several jobs for which he was qualified. The plaintiff further alleges that he believes that he is being discriminated against on the basis of his race, given the fact that those jobs were instead awarded to white and black inmates, and the fact that the Assistant Warden previously "made mockery of [his] language." The plaintiff seeks to recover monetary damages.

### **Discussion**

To the extent that the plaintiff's allegations can be construed to assert a due process claim, the plaintiff's allegations are without merit. "In order to prevail on either a procedural or

2

Case 7:06-cv-00327-GEC-mfu    Document 4    Filed 05/31/06    Page 2 of 4    Pageid#: 31

substantive due process claim, inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). It is well established that inmates do not have a constitutionally protected liberty or property interest in prison employment or a particular work assignment. See Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986); Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989); Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982); Williams v. Farrior, 334 F. Supp. 2d 898, 904 (E.D. Va. 2004). Accordingly, the plaintiff is not entitled to due process protections.

To the extent the plaintiff's allegation that he believes he is being discriminated against can be construed to assert an equal protection claim, the court concludes that such claim is unexhausted. The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that this requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that it "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (U.S. 2002). Although the PLRA does not state how specific an inmate's administrative grievances must be, courts generally require inmates to provide "fair notice" of the problem that forms the basis of the inmate's action. See Johnson v. Johnson, 385 F.3d 503, 516 (5th Cir. 2004); Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2003).

In this case, the plaintiff's grievances did not provide any indication that the plaintiff believed that he was suffering from racial discrimination or that he was receiving any form of unequal treatment. In fact, the plaintiff's grievances did not mention his race at all. Although

3

the plaintiff "need not present a full-fledged legal theory in his grievance," the plaintiff's grievances "must alert prison officials to a problem and give them an opportunity to address it." Burton, 385 F.3d at 518. Because the plaintiff's grievances failed to provide fair notice of a race-related problem, the plaintiff's equal protection claim must be dismissed without prejudice. See Anderson, 407 F.3d at 682-683 (holding that a district court may sua sponte dismiss a complaint, where it is clear from the plaintiff's complaint that the PLRA's exhaustion requirement has not been met).

## Conclusion

For the reasons stated, the court concludes that the plaintiff's due process claim must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1), and that the plaintiff's equal protection claim must be dismissed without prejudice for failure to exhaust administrative remedies. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants, if known.

ENTER: This 30th day of May, 2006.

_____
United States District Judge

4